IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 01-663 |
| METROPOLITAN LIFE INSURANCE COMPANY and JOSEPH A. BRUNO, | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

Before the Court is Defendant Met Life's Motion in Limine to preclude Plaintiff from offering evidence regarding expectation damages. Specifically, Defendant objects to the proposed testimony of Plaintiff's expert, Robert Boyd Carter, that Plaintiff is entitled to recover "benefit of the bargain" damages.[1]

As I have held in other cases raising this issue, Mr. Carter will not be permitted to testify as to the measure of damages. Instead, the Court will determine the

---

[1] Plaintiff has moved to strike the Motion, on grounds that it was filed one day late. Both because a single day beyond the deadline has prejudiced neither Plaintiff nor the Court, as well as because I deny a significant portion of the Motion on its merits, striking the Motion would serve no purpose.

1

appropriate measure of damages and instruct the jury accordingly. That said, the parties do not dispute that applicable law may permit the recovery of benefit of the bargain damages in fraud cases. McConkey v. AON Corp., 804 A. 2d 572, 588 (N.J. Super. 2002)

Defendant argues, however, without citation to pertinent authority, that Plaintiff's recovery should be limited to out-of-pocket losses, because he did not exercise reasonable diligence in ascertaining the contents of his policy.[2] Even assuming the legal accuracy of Defendant's premise, the reasonableness of Plaintiff's conduct is a question for the jury, and not for me to decide on an in limine basis. Defendant has simply not presented legal or factual information that would permit me to rule Plaintiff's actions unreasonable as a matter of law, much less to segue from such a ruling to the exclusion of damages evidence.

In addition, Defendant argues that Mr. Carter's opinion on damages is impermissibly speculative, because fluctuating interest rates were disclosed to Plaintiff, and Plaintiff voluntarily decided to decrease his payment obligation. I fail to see the connection between the latter two assertions and the allegedly speculative nature of Plaintiff's losses. Moreover, to the extent that Defendant's argument is more appropriately characterized as an attack on the foundation of Mr. Carter's report, Defendant fails to develop or support that argument in a way that allows meaningful consideration. Defendant has not, therefore, presented grounds

---

[2] Potentially at odds with this position, Defendant cites to a case stating that New Jersey "is not so inexorably wedded to the 'out-of-pocket' rule as to the measure of damages that 'the benefit-of-the-bargain' rule cannot be applied where justice requires." Zeliff v. Sabatino, 15 N.J. 70, 74 (N.J. 1954)

2

for excluding Mr. Carter's opinion.

AND NOW, this **24th** day of August, 2006, it is ORDERED that Plaintiff's Motion to Strike (Docket No. 136) is DENIED.  Further, Defendant's Motion in Limine to Preclude Evidence Regarding the Recovery of Purported Expectation Damages (Docket No. 103) is GRANTED in part and DENIED in part, as stated herein.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge