IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-663 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and JOSEPH A. BRUNO, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief Judge

## MEMORANDUM OPINION

Before the Court is Defendant's Motion in Limine to Exclude evidence of prior "bad acts" by Defendant Bruno. In particular, Defendant objects to the introduction of the entirety of Bruno's personnel file, without specific designation by Plaintiff. Defendant's objections are based on Fed. R. Evid. 401, 402, 403, and 404(b). In response, Plaintiff specifies that he seeks only to introduce Met Life's records of Bruno's replacement of existing policies.

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

This case involves the replacement of one Met Life policy with another.

1

Bruno's replacement practices are, therefore, relevant to this matter.  Moreover, I find no reason to exclude the evidence under Rule 403.  The danger of unfair prejudice, or other negative considerations pertinent under the Rule, does not outweigh the probative value of the evidence.

Defendant also argues that the evidence is prohibited under Rule 404(b), which prohibits the admission of "other act" evidence in order to prove the character of a person in order to show action in conformity therewith.  The Rule provides that such evidence may be admissible for other purposes, such as knowledge or intent.  Rule 404(b) is a rule of inclusion, rather than exclusion, and admission of evidence for purposes other than propensity is favored. United States v. Daraio, 445 F. 3d 253, 263 (3d Cir. 2006).  Plaintiff argues that evidence of Bruno's replacement activities are relevant here, with respect to Defendants' knowledge and intent, and Plaintiff's claim for punitive damages.  These are proper purposes under Rule 404(b).  I will not, therefore, exclude the evidence on 404(b) grounds.

If necessary, I will consider a limiting or cautionary instruction to the jury.

AND NOW, this **24th** day of August, 2006, it is  ORDERED that Defendant's Motion in Limine (Docket No. 93) is DENIED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge