IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No.  01-663 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY and JOSEPH A. BRUNO, | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Defendants have filed a Motion in Limine seeking to exclude the deposition testimony of Theodossios Athanassiades taken in connection with Hazen v. MetLife, Civ. No. 95-13087 (C.C.P. Delaware County) dated July 26, 2002 and with Higgens v. MetLife, dated November 4, 1997.  The Defendants argue that the testimony is irrelevant and inadmissible under Rules 401 and 402 of the Federal Rules of Evidence. In the alternative, they argue that the evidence is, even if relevant, more prejudicial than probative under Rule 403 of the issues in the pending litigation.

Johnson counters that Athanassiades's testimony given in Hazen is relevant

1

to the issue of the use of replacement as a regular sales practice by MetLife sales agents and the use of sales illustrations in such sales. See Docket No. 121, p. 2-4. I find Johnson's position unconvincing. First, Johnson has not attached Athanassiades's deposition transcript and the passages referenced are not included in Defendants' submissions. Further, while Johnson quotes three very short exchanges in what must be more than a 109 page deposition transcript, Athanassiades prefaced his testimony by stating that he did not know much about universal life. Consequently, I agree with Defendants that Athanassiades's testimony in Hazen is irrelevant under Rule 401 and thus inadmissible under Rule 402. In the alternative, the testimony is excluded under Rule 403 because it has very little probative value and any such probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and waste of time.

Johnson makes no argument as to how Athanassiades's testimony in the Higgins litigation is relevant. The testimony in that proceeding concentrates almost solely on the misdeeds of the Tampa office, and relates to deceptive sales practices used in selling life insurance policies masked as retirement vehicles. Johnson has not made any allegations of this nature. Consequently, the Higgins testimony is irrelevant under Rule 401 and thus inadmissible under Rule 402. Further, to the extent that the testimony would be marginally relevant, the prejudice that such testimony would cause would far outweigh any probative value it would have. Thus,

the testimony is also inadmissible under Rule 403.[1]

Consequently, this **28th** day of August, 2006, it is Ordered that the Motion in Limine to Exclude the Deposition Testimony of Theodossios Athanassiades (Docket No. 80) is GRANTED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[1] I again note that the "argument" section of Johnson's brief in opposition consists of a 7 page cut and paste from previous briefs, including the unedited reference in support of the admission of "Mr. Kamen's" testimony. See Docket No. 121, p. 4.  As is becoming increasingly clear throughout the course of the numerous MetLife cases, Plaintiff's counsel simply recycles the same brief in opposition to a variety of motions in limine.  While the Court understands that there is no need to recreate a new brief in opposition to a challenge to the admission of evidence which was challenged in earlier litigation, Plaintiff's counsel does not simply restrict its recycling of briefs in this manner. When the argument section of a brief is not tailored to the argument that Defendants make in favor of excluding the evidence, Plaintiff's position is not convincing.