IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL V. JOHNSON,                      )
                                         )
            Plaintiff,                   )
                                         )
    -vs-                                 )
                                           Civil Action No.  01-663
                                         )
METROPOLITAN LIFE INSURANCE COMPANY      )
and JOSEPH A. BRUNO,                     )
                                         )
            Defendants.                  )

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION AND ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and Joseph Bruno ("Bruno") (collectively, "Defendants") have filed a Motion in Limine (Docket No. 87) seeking to exclude at trial evidence regarding the Connecticut Market Conduct Report ("Connecticut Report") and related documents.   Defendants' Motion is granted in part and denied in part as follows.

### I. CONNECTICUT REPORT

The Connecticut Report summarizes a joint investigation by the Connecticut Attorney General and the Market Conduct Division of the Connecticut Insurance Department into the life insurance sales practices of MetLife.  See Docket No. 87, Ex. A ("Connecticut Report"), at 1.[1] The focus of the six-month-long investigation was on

---

[1] Plaintiff lists the Connecticut Report as Exhibit 39 in his Trial Exhibit List dated August 1, 2006. See Docket No. 41. Defendants' reference to the Connecticut Report as Plaintiff's Exhibit No. 65 is based on an earlier version of Plaintiff's Exhibit List and is incorrect.

allegations of churning in the sale of whole life insurance[2] and misrepresentations of so-called "vanishing premium" policies.  Id.  The investigation covered the period from 1980 to 1998.  Id. at 8.  The 42-page Report was issued on October 14, 1998.  In its findings, the Report concluded, among other things, that there was ample evidence that MetLife agents engaged in churning in Connecticut and sufficient evidence to charge MetLife with violating Connecticut law regarding MetLife's sale of vanishing premium policies.   Id. at 40-41.   Defendants argue that evidence regarding the Connecticut Report should be excluded at trial because it is hearsay, irrelevant, and/or unduly prejudicial.

Defendants' argument that the report is "classic hearsay" which should not be admitted at trial is unavailing.  Namely, the report may be admitted as an "official record" under Federal Rule of Evidence 803(8)(C), and Defendants have not shown any basis for believing that the Connecticut Report as a whole is untrustworthy.[3]

For this reason, Defendants' Motion is denied to the extent it seeks to exclude the Connecticut Report in its entirety on the grounds that the Report is inadmissible hearsay.  This ruling, however, does not mean that all of the contents of the Report

---

[2]  The Connecticut Report defines "churning" in the insurance context as inducing consumers to use the cash value in an old insurance policy to buy a new one in order to generate a commission for the agent.  Connecticut Report at 5.  Plaintiff's Complaint alleges, inter alia, that Defendants engaged in improper "replacement" or "churning" of Plaintiff's life insurance policy.

[3]  Rule 803(8)(C) provides an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8).  The Advisory Committee Notes to Rule 803(8) identify four, non-exclusive, indicia of trustworthiness: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held and the level at which conducted; and (4) possible bias.

are necessarily admissible as non-hearsay.  To the extent Defendants contend that specific portions of the Report fall outside the scope of Rule 803(8) or otherwise object to specific portions of the Report (e.g., as hearsay within hearsay, etc.), I will consider such objections at trial.

Defendants also assert that, even if non-hearsay, evidence regarding the Connecticut Report should be excluded at trial on the grounds that it is irrelevant and/or unfairly prejudicial.  This portion of Defendants' Motion is granted to the extent the report discusses or makes findings concerning alleged sales practices distinct from or dissimilar to the allegations contained in Plaintiff's Complaint.  Such evidence would have a tendency to confuse the jury and, therefore, to unfairly prejudice Defendants.[4]

Defendants' Motion is denied, however, to the extent the Connecticut Report discusses or makes findings concerning sales practices similar to Plaintiff's allegations, including allegations regarding "vanishing premiums" and/or improper replacement activity, i.e., churning.  Such evidence may be relevant, for example, in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques.[5]  This probative value is not

---

[4]  In granting Defendants' Motion to this extent, I do not mean to preclude Defendants from introducing portions of the Connecticut Report concerning MetLife's compliance in remedying and/or working to prevent the types of abusive sales practices alleged in this case, to the extent such information is relevant and otherwise admissible.

[5]  I recognize that the Connecticut Report is focused on MetLife activity within Connecticut, and not New Jersey, where the transaction at issue in this case took place.  The Connecticut investigation, however, primarily dealt with churning and "vanishing premium" allegations very similar to Plaintiff's allegations here.

substantially outweighed by the danger of unfair prejudice to Defendants.[6]

## II. **Related Documents**

In addition to the Connecticut Report itself, Defendants seek to exclude at trial two documents related to the Connecticut Report. Specifically, Defendants seek to exclude: (1) a December 1997 letter to MetLife's President from the Connecticut Insurance Department, and (2) proposed Exhibit 52,[7] an October 1998 Stipulation and Consent Order entered into by MetLife and the State of Connecticut Insurance Department in connection with the investigation.[8]

As an initial matter, Plaintiff has not listed the December 1997 letter on his current trial exhibit list.[9] Thus, Defendants' Motion to exclude this letter is denied as moot.

With respect to the October 1998 Stipulation and Consent Order, Defendants do not make a specific argument as to why this document is inadmissible. Rather, Defendants' argument appears to be that the Connecticut Report itself is inadmissible and, therefore, any related documents are likewise inadmissible. As set forth above, however, Defendants' motion to exclude the Connecticut Report is

---

[6] Of course, Defendants remain free to make Rule 403 objections, if appropriate, to specific portions of the Connecticut Report when offered at trial.

[7] Defendants' reference to the Stipulation and Consent Order as Plaintiff's Exhibit No. 268 is based on an earlier version of Plaintiff's Exhibit List and is incorrect.

[8] Defendants attached copies of the December 1997 letter and the October 1998 Stipulation and Consent Order as Exhibits B and C, respectively, to their Motion in Limine.

[9] Defendants' reference to the December 1997 letter as Plaintiff's Exhibit No. 267 is based on an earlier version of Plaintiff's Exhibit List and is incorrect. The December 1997 letter does not appear on Plaintiff's current Exhibit List. See Docket No. 41.

4

denied to the extent the report discusses or makes findings concerning sales practices similar to Plaintiff's allegations in this case. Therefore, I am unable to exclude Exhibit 52 simply because the document to which it relates has been excluded, because it has not.

Because Defendants do not make any argument as to why proposed Exhibit 52 is inadmissible in and of itself, and because that exhibit relates to a document that is not categorically inadmissible, I decline to exclude proposed Exhibit 52 at this time.

### III. <u>Conclusion</u>

In sum, I will permit use of the Connecticut Report only to the extent that the report discusses or makes findings concerning sales practices similar to the "vanishing premium" and/or improper replacement allegations contained in Plaintiff's Complaint. Defendants' motion also is denied with respect to documents related to the Connecticut Report to the extent such documents are listed on Plaintiff's exhibit list and are otherwise admissible.

An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  01-663 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and JOSEPH A. BRUNO, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **30**th day of August, 2006, after careful consideration of the parties' submissions,  it is Ordered that the Defendants' Motion in Limine to Exclude Evidence Regarding the Connecticut Market Conduct Examinations of Metropolitan Life Insurance Company and Related Documents (Docket No. 87) is granted in part and denied in part as set forth more fully in the Opinion accompanying this Order.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

6