IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 01-663 ) |
| METROPOLITAN LIFE INSURANCE COMPANY and JOSEPH A. BRUNO, | ) ) ) |
| Defendants. | ) ) |

AMBROSE, Chief District Judge.

# MEMORANDUM OPINION

Defendants Metropolitan Life Insurance Company ("MetLife") and Joseph Bruno ("Bruno") (collectively, "Defendants") have filed a Motion in Limine (Docket No. 95) seeking to exclude from evidence at trial Plaintiff's proposed Exhibit Nos. 34 and 35,[1] the deposition testimony of former MetLife employee James Rayl taken in previous employment discrimination litigation filed by Rayl against MetLife as well as the exhibits to that deposition. Rayl was the Director of MetLife's Tulsa, Oklahoma, Customer Service Center during time periods relevant to this case. Defendants argue that Rayl's testimony and exhibits are irrelevant and will serve only to inflame the jury. Defendants also argue that the exhibits are inadmissible hearsay or contain hearsay within hearsay. Plaintiff opposes Defendants' Motion. (Docket No. 127). After careful review, Defendants' Motion is granted in part and denied in part as

---

[1] Defendants' reference to Rayl's deposition testimony and exhibits as Plaintiff's Exhibit Nos. 41, 42, 280, and 281 is based on an earlier version of Plaintiff's Exhibit List and is incorrect.

follows.

## I. RAYL DEPOSITION TESTIMONY

As an initial matter, Plaintiff indicates in his response brief that he does not intend to read to the jury any portions of Rayl's deposition testimony concerning his employment claims against MetLife. Thus, Defendants' Motion to exclude these portions of Rayl's deposition testimony is denied as moot.

With respect to the deposition testimony, Plaintiff only seeks to read excerpts concerning Rayl's work history at MetLife, his communications concerning the "vanishing" premium problems, and MetLife's response thereto. Pl.'s Resp. (Docket No. 127) at 3-4. I find that this testimony is relevant to Plaintiff's claims in this case. In particular, Rayl's concerns involve sales practices similar to Plaintiff's "vanishing premiums" allegations in this case. Such evidence may be relevant, for example, in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. This probative value is not substantially outweighed by the danger of unfair prejudice to Defendants. Accordingly, Defendants' motion is denied to the extent it seeks to exclude these portions of Rayl's deposition testimony. Fed. R. Evid. 401, 402, 403.

## II. RAYL DEPOSITION EXHIBITS

### A. Deposition Exhibit 38

Defendants' Motion in Limine is denied to the extent it seeks to exclude Exhibit No. 38 to Rayl's deposition. Deposition Exhibit No. 38 is a Rayl memo concerning the Pennsylvania Market Conduct Examination Report. (Docket No. 95, Ex. B). To the extent Defendants argue that this memo is inadmissible because the

Pennsylvania Report itself is inadmissible, such argument is unavailing.  As set forth in my Opinion and Order dated August 30, 2006 (Docket No. 159), Defendants' motion to exclude the Pennsylvania Report was denied to the extent the report discusses or makes findings concerning sales practices similar to Plaintiff's allegations in this case.  Therefore, I cannot exclude deposition exhibit 38 simply because the document to which it relates has been excluded, because it has not.

Defendants also argue that deposition exhibit 38 is inadmissible because Rayl's testimony does not account for the unique factual circumstances of this case, and Rayl offers general opinions regarding MetLife that are unsubstantiated, unreliable and irrelevant to the transactions at issue.  Defs.' Br. at 4.  To the extent exhibit 38 relates to concerns regarding sales practices similar to Plaintiff's "vanishing premium" or churning allegations in this case, this argument fails because such evidence may be relevant in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques.  This probative value is not substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 401, 402, 403.

### B. Deposition Exhibits 42-46

Defendants' Motion is also denied to the extent it seeks to exclude Exhibit Nos. 42-46 to Rayl's deposition testimony in their entirety[2] on the basis of irrelevance or prejudice.  To the extent these exhibits relate to Rayl's concerns regarding sales practices similar to Plaintiff's "vanishing premium" allegations in this case, such

---

[2] The deposition exhibits to which Defendants object are voluminous and consist of multiple documents. Defendants do not make specific objections to the individual documents contained within each disputed deposition exhibit. Consequently, I only am able to rule as to whether these documents are admissible or inadmissible as a whole.

evidence is probative and is not unduly prejudicial for the reasons set forth above.[3]

I also disagree with Defendants that these deposition exhibits are categorically inadmissible as hearsay.[4] As an initial matter, Plaintiff indicates that he will be able to establish at trial that the documents are business records within the meaning of Rule 803(6).[5] Plaintiff also argues that Rayl's statements are admissible as admissions of a party-opponent, an argument not addressed by Defendants. Fed. R. Evid. 801. Even if the statements are neither admissions nor business records within the meaning of the Rules of Evidence, however, I find that the exhibits to Rayl's deposition may be admissible under the "residual" hearsay

---

[3] Defendants argue that Plaintiff's policy in this case was a "Universal Life" policy and was not eligible for the "Accelerated Payment Plan" ("AP Plan") that is the subject of many of the Rayl deposition exhibits. Plaintiff does not argue in his response that his policy was eligible for the AP Plan. However, Rayl's concerns in the AP context are substantially similar to Plaintiff's "vanishing premium" allegations in connection with his UL policy. Thus, to the extent that the Rayl documents discuss "vanishing premiums" in general, or in connection with the AP program or UL policies, I find they are relevant to the issues in this case. The fact that Plaintiff may not have been eligible for the AP Plan goes to the documents' weight, not admissibility. Defendants may object to the admissibility of individual documents (e.g., documents that concern the AP Plan but not "vanishing premiums") when and if offered at trial.

[4] My discussion of Defendants' hearsay objections presumes that Plaintiff intends to offer the statements for the truth of the matter asserted. Obviously, the statements are not hearsay to the extent Plaintiff offers them at trial to prove something other than the truth of the matter asserted. See Fed. R. Evid. 801(c).

[5] Rule 803(6) provides an exception to the hearsay rule for a:

> memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

exception set forth in Rule 807.

Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807.

This portion of Defendants' Motion is granted, however, with respect to any portions of deposition exhibits 42-46 that constitute hearsay within hearsay. For example, any statements in a document authored by Rayl as to what a customer said or told him are double hearsay and must be excluded, unless an independent hearsay exception applies. Fed. R. Evid. 805. Plaintiff has not identified any such exceptions.

Defendants' Motion also is granted with respect to any "expert"-type opinions contained in deposition exhibits 42-46. Rayl is not an expert witness, and, thus, opinion evidence properly within the realm of an expert is inadmissible.

## C. Deposition Exhibits 47-51, 55-58

Defendants seek to exclude Rayl deposition exhibits 47-51 and 55-58 on the grounds that they are irrelevant and/or unfairly prejudicial. This portion of Defendants' Motion is granted. As an initial matter, Plaintiff makes no response whatsoever in his opposition brief to Defendants' arguments as to why I should exclude the exhibits at issue. Furthermore, I agree with Defendants that these exhibits consist solely of documents relating to MetLife's hiring practices, Rayl's job performance, employment handbooks and policies, and Rayl's EEOC charge and federal court employment litigation against MetLife. Nothing in these documents has anything to do with the sale of the 1992 Policy to Plaintiff or any of the allegations in Plaintiff's complaint.

For all of these reasons, I find that Rayl Deposition exhibits 47, 48, 49, 50, 51, 55, 56, 57, and 58 are irrelevant to the instant case and that Plaintiff may not introduce these documents as evidence at trial.

### III. CONCLUSION

For all of these reasons, Defendants' Motion to exclude evidence relating to James Rayl is granted in part and denied in part. An appropriate Order follows.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-663 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY and | ) |
| JOSEPH A. BRUNO, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **31st** day of August, 2006, after careful consideration of the parties' submissions, it is Ordered that the Defendants' Motion in Limine to Exclude the Deposition Testimony of James Rayl (Docket No. 95) is granted in part and denied in part as set forth more fully in the Opinion accompanying this order.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge