IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 01-663 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# ORDER OF COURT

And now this **11th** day of September, 2006, the Order of Court dated August 23, 2006 denying Defendant's Motion in Limine to Bifurcate Plaintiff's Claim for Punitive Damages (Docket No. 146) is hereby supplemented as follows:

Defendant's citation to the New Jersey statute requiring a bifurcated trial where a plaintiff has asserted a claim for punitive damages is not persuasive.

> Whether a plaintiff may recover punitive or any other form of damages in a particular cause of action is a question of substantive law. The manner in which proof is presented and various issues in a single case are litigated is a procedural matter. Whether a particular claim or issue should be bifurcated in a diversity case is a matter of federal procedure and not state law. Rosales v. Honda Motor Co., 726 F.2d 259, 262 (5th Cir. 1984); Moss v. Associated Transport, Inc., 344 F.2d 23, 27 (6th Cir. 1965); Robinson v. Adco Metals, Inc., 663 F. Supp. 826, 829 (D. Del. 1987). Contrary to defendant's suggestion, federal judges in New Jersey sitting in product liability cases governed by New Jersey substantive law do not regard themselves to be bound by the New Jersey bifurcation rule. See

<u>Wundrack v. Armstrong World Industries, Inc.</u>, 1991 WL 172956 at * 10-11 (D. N.J. 1991), <u>aff'd</u>, 958 F.2d 366 (3d Cir. 1992).

<u>Butler v. Yamaha Motor Co., Ltd.</u>, Civ. No. 89-1380, 1993 WL 95513 at * 4 (E.D. Pa. April 1, 1993). I am not bound by the New Jersey statute insofar as it requires bifurcation. As stated in my previous Order of Court, the Defendant's Motion in Limine to Bifurcate (Docket No. 52) is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge